IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JUAN MORENO,** | 1:14-cv-00539 AWI MJS |
| Plaintiff, | **ORDER DENYING DEFENDANTS' APPLICATION FOR STAY AND EARLY EVALUATION CONFERENCE** |
| v. | |
| **VIKRAM VOHRA, et al.,** | **(Doc. No. 4)** |
| Defendants. | |

## I. INTRODUCTION

Plaintiff Juan Moreno brought this action against defendants Vikram Vohra, Vinay Vohra, Fast N ESY #17 Corporation, as well as Does 1-10, inclusive, arising from alleged violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq., as well as various California statues, including the Unruh Civil Rights Act, Cal. Civil Code §§ 51 et seq. Defendants now move to stay the action and refer the parties to early neutral evaluation pursuant to California Civil Code section 55.54 and the court's equitable powers. (ECF No. 4.)[1]

## II. ANALYSIS

Under California law, the Construction-Related Accessibility Standards

---

[1] Because oral argument would not be of material assistance, the court orders this matter submitted on the briefs pursuant to Eastern District Local Rule 230(g).

1  Compliance Act, Cal. Civ. Code §§ 55.51-55.54, "entitles some defendants in
2  construction-related accessibility suits to a stay and [an early] evaluation conference for
3  the lawsuit." O'Campo v. Chico Mall, LP, 758 F. Supp. 2d 976, 983 (E.D. Cal. 2010)
4  (Karlton, J.) (citing Cal. Civ. Code § 55.54(b)(1)). However, section 55.54's provisions
5  are preempted by the ADA and cannot be applied to plaintiff's ADA claim. See id.;
6  Moreno v. Town & Country Liquors, No. 2:12-CV-00729 JAM KJN, 2012 U.S. Dist.
7  LEXIS 100711, 2012 WL 2960049, at *4 (E.D. Cal. July 19, 2012); see also Hubbard v.
8  SoBreck, LLC, 554 F.3d 742, 744 (9th Cir. 2009) ("[F]or federal law to preempt state law,
9  it is not necessary that a federal statute expressly state that it preempts state law."
10 (citation omitted)); Lamark v. Laiwalla, 2013 U.S. Dist. LEXIS 104526, 1 (E.D. Cal. July
11 25, 2013). Defendants admit that section 55.54's provisions are pre-empted. (See Reply,
12 ECF No. 6.)

13       It appears that all California federal courts to have considered the issue have
14 found that, under Erie Rail Co. v. Tompkins, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188
15 (1938), and related cases, a federal court should not apply the procedures of California
16 Civil Code section 55.54 to supplemental state law claims either because its provisions
17 are not outcome determinative. See Moreno, 2012 U.S. Dist. LEXIS 100711, 2012 WL
18 2960049, at *4; O'Campo, 758 F. Supp. 2d at 985; Oliver v. Hot Topic, Inc., 10CV1111
19 BEN AJB, 2010 WL 4261473, at *1 (S.D. Cal. July 27, 2010); cf. Gasperini v. Ctr. for
20 Humanities, Inc., 518 U.S. 415, 427, 116 S. Ct. 2211, 135 L. Ed. 2d 659 (1996)
21 ("[F]ederal courts sitting in diversity apply state substantive law and federal procedural
22 law.").

23       Although the court may also stay an action under its inherent power "to control the
24 disposition of the causes on its docket with economy of time and effort for itself, for
25 counsel, and for litigants", Landis v. N. Am. Co., 299 U.S. 248, 254, 57 S. Ct. 163, 81 L.
26 Ed. 153 (1936), Defendants have not made a sufficient showing that a stay would be
27 appropriate in this case. The Court will accordingly deny Defendants' motion to stay
28 Plaintiff's ADA and state law claims.

### III. ORDER

IT IS HEREBY ORDERED that Defendants' application to stay be DENIED.

IT IS SO ORDERED.

Dated: June 16, 2014          /s/ *Michael J. Seng*
                              UNITED STATES MAGISTRATE JUDGE